IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HYE PARK, *On behalf of herself and others similarly situated* | CIVIL ACTION NO. 1:12-CV-1132-TWT-JSA |
| Plaintiff, | |
| v. | |
| SHAPIRO & SWERTFEGER, LLP, | **NON-FINAL REPORT AND RECOMMENDATION ON A MOTION TO DISMISS** |
| Defendant. | |

Plaintiff Hye Park filed this putative class action Complaint on April 2, 2012, against Defendant Shapiro & Swertfeger, LLP, alleging that a foreclosure and mortgage loan collection notice that Defendant sent to her violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e ("FDCPA"). Compl. [1]. Plaintiff filed her First Amended Complaint on May 11, 2012. Am. Compl. [8]. Specifically, Plaintiff alleges that two debt collection and foreclosure notices sent by Defendant, attached as Exhibits A and D to the Amended Complaint, were false and misleading because they misrepresented the identity of the creditor. *Id.* Defendant filed a Motion to Dismiss [3] the Complaint on April 24, 2012, and then a Motion to Dismiss the First Amended Complaint [12] on June 1, 2012, arguing that the notice it sent to Plaintiff was not false and misleading and did not violate the FDCPA as a matter of law.

The Court **RECOMMENDS** that Defendant's Motion to Dismiss [3] the original Complaint be **DENIED** as moot, as the Plaintiff subsequently filed an Amended Complaint. As explained below, the Court finds that the Plaintiff's Amended Complaint sufficiently states a claim for a violation of the FDCPA and **RECOMMENDS** that Defendant's Motion to Dismiss the First Amended Complaint [12] be **DENIED**.

**I.    BACKGROUND**

Plaintiff's complaint alleges as follows:

On or about April 7, 2006, Plaintiff executed a promissory note in favor of Just Mortgage Inc. in the amount of $204,000. Am. Compl. [1] ¶ 8. Plaintiff defaulted on the note in June 2011. *Id.* On or about February 29, 2012, Plaintiff received a Notice of Acceleration and Foreclosure Letter from the Defendant (the "February Letter"), declaring the entire balance due and payable. *Id*., ¶ 8, Ex. A. Plaintiff attached a copy of the Letter as Exhibit A to the Complaint.

The February Letter stated:

This law firm represents Wells Fargo Bank, NA, with respect to the above referenced loan. The purpose of this correspondence is to inform

> you that our client has accelerated and does hereby accelerate the balance of your loan, making the total payoff amount as of February 29,201 2 $ 118,472.90.
>
> A foreclosure sale of the above referenced property is scheduled for April 3, 2012. A copy of the Notice of Sale Under Power submitted for publication is enclosed herewith as required by O.C.G.A. See. 44-14-162.1 through 44- 14-162.4.

Am. Compl. [1], Ex. A. The February Letter further notified Plaintiff that if "you wish to talk to someone with authority to negotiate, amend and modify all terms of your loan you are advised to contact: Loss Mitigation Department, Wells Fargo Bank, NA." *Id.* The February Letter attached a Notice of Sale Under Power, providing that:

> Because of a default in the payment of the indebtedness secured by a Security Deed executed by Hye Jeong Park to Mortgage Electronic Registration Systems, Inc dated April 11, 2003, and recorded in Deed Book 32704, Page 174, Gwinnett County Records, said Security Deed having been last sold, assigned, transferred and conveyed to Wells Fargo Bank, NA, by Assignment, securing a Note in the original principal amount of $204,000.00, the holder thereof pursuant to said Deed and Note thereby secured has declared the entire amount of said indebtedness due and payable and, pursuant to the power of sale contained in said Deed, will [sell the property] on the first Tuesday, April 3, 2012.

*Id.*

Defendant then sent Plaintiff another letter, on or about March 15, 2012, providing notice as to potential recovery of attorney's fees in the event that the debt

3

was collected through the work of an attorney ("March Letter"). Am. Compl. ¶¶ 15, 16; Ex. D.

Plaintiff does not appear to dispute that as of the time of either the February Letter or March Letter, Wells Fargo was in fact the holder of the indebtedness as well as the security deed on the property. Indeed, Plaintiff attaches the assignment of the deed and the note to Wells Fargo, dated September 1, 2011, to the Amended Complaint as Exhibit B. Am. Compl. [1] ¶ 14, Ex. B. Plaintiff, however, alleges that Wells Fargo received this assignment "while the note was in default solely for the purpose of facilitating collection of such debt for Fannie Mae." Am. Compl. [1] ¶ 14. Thus, Plaintiff argues that Wells Fargo was only the "servicer" of the loan, and not the "creditor," and that it was a "false, deceptive or misleading representation to identify Wells Fargo as the creditor in the letters." Am. Compl. [1] ¶¶ 13, 18.

**II. DISCUSSION**

A. *Standard on a Motion to Dismiss*

Defendant has filed a Motion to Dismiss, arguing that all the claims asserted in the Complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. When evaluating a motion to dismiss under Rule

4

12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the

pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

Although a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6), when a plaintiff has referred to documents in the complaint and such documents are central to the claims, the Court may consider those documents as part of the pleadings in this case and may consider them in resolving a Motion to Dismiss. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal").

Moreover, the Eleventh Circuit has made it clear that when a plaintiff attaches exhibits to a complaint and the exhibits contradict the allegations of the complaint, the exhibits control. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

> Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.

*Id.* at 1205-06; *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").

In this case, Plaintiff has referred to and attached several documents to the Amended Complaint. Thus, they may be considered as part of the pleadings in this case in resolving the Motion to Dismiss. *See* Ex. A-D, attached to Am. Compl. Plaintiff has attached the following documents to the Complaint: the February Letter, regarding acceleration of the mortgage loan and notice of foreclosure (Ex. A); an assignment of the Security Deed and the mortgage indebtedness to Wells Fargo, NA, dated September 1, 2011 (Ex. B) ("Assignment"); an investor report printed from the website maintained by Mortgage Electronic Registration Systems, Inc. ("MERS")

(Ex. C); and the March Letter, providing notice as to debt collected through an attorney (Ex. D).

B. *The Amended Complaint Sufficiently Alleges a Violation*

Plaintiff brings this case under the FDCPA. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Specifically, it "prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures." *Acosta v. Campbell*, 309 Fed. App'x 315, 319 (11th Cir. 2009) (*citing* 15 U.S.C. §§ 1692d, 1692e, 1692f).

In order to state a claim under the FDCPA, a plaintiff must allege sufficient facts to assert a plausible claim that a defendant is a debt collector as that term is defined in the statute and that it engaged in some act prohibited by the FDCPA, or failed to disclose information required by the FDCPA, in attempting to collect from

Plaintiff on a consumer debt. *See Kaplan v. Assetcare, Inc.*, 88 F. Supp.2d 1355, 1360-61 (S.D. Fla. 2000).

Defendant does not appear to contest that it qualifies as a "debt collector" or that it was engaged in "debt collection" activity, at least in part, when it sent the February or March Letter. Indeed, both the Letters state on their face that the Defendant "IS A DEBT COLLECTOR" and that "THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT." Rather, the issue in dispute appears to be whether Defendant engaged in any act prohibited by the FDCPA or failed to disclose anything required to be disclosed.

Plaintiff brings her claim under 15 U.S.C. § 1692e. This provision, entitled "False or Misleading Representations," provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* The statute provides a list of non-exhaustive examples of false or misleading representations that would violate this proscription. *Id.*

Plaintiff alleges that Defendant violated this section, and made a false and misleading representation, by "identify[ing] Wells Fargo as the creditor in the letters." Am. Compl. ¶ 18. Plaintiff alleges that although Wells Fargo may have been the

current holder of the note and the security deed, it was "not the actual creditor as that term is defined in the FDCPA." *Id.* ¶ 13.

At the outset, the Court notes that neither the February nor March Letter expressly identifies Wells Fargo as "creditor." That particular word does not appear in the letters at all. Nevertheless, the FDCPA requires a debt collector, as part of noticing a debt, to "send the consumer a written notice containing"–along with other information–"the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2); *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012). Here, while Defendant did not expressly refer to any entity as "creditor," it stated that Wells Fargo is the "client" who has "accelerated and does hereby accelerate the balance of your loan"; is the entity who has authority to "negotiate, amend and modify all terms of your loan"; and is the "holder" to whom the note and security deed were "last sold, assigned, transferred and conveyed." Am. Compl. [1], Ex. A. No other entity is identified in the debt collection letters. Given the requirement of Section 1692g(a)(2), and reading the allegations in the light most favorable to the Plaintiff, it is plausible that Defendant's references to Wells Fargo could have led at least an unsophisticated consumer into believing Wells Fargo was the creditor. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1173-75 (11th Cir. 1985) (the FDCPA was

designed to protect the "least sophisticated consumer" not the "reasonable consumer"). Thus, for the purposes of Defendant's Motion to Dismiss, the Court interprets the March and February Letters as at least implying that Wells Fargo is the "creditor" even though that specific term is not used. The Court notes that Defendant does not appear to contest, at least for purposes of the Motion to Dismiss, that it identified Wells Fargo as the "creditor."

The question, then, is whether Wells Fargo was, in fact, the "creditor." Plaintiff alleges that Wells Fargo was not the creditor for purposes of FDCPA disclosure, because of the factual circumstances in which Plaintiff alleges Wells Fargo came to hold the debt. On this basis, Plaintiff alleges that the Letters were false or misleading.

"Under the FDCPA, the term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). The Eleventh Circuit has upheld FDCPA lawsuits alleging false representations based on references in debt collection notices to entities as "creditors" who did not meet the FDCPA definition set out above. *See Bourff*, 674 F.3d at 1241;

*Shoup v. McCurdy & Candler, LLC*, 465 Fed. Appx. 882, 884-85 (11th Cir. 2012) (*per curiam*).

Plaintiff alleges that Wells Fargo, the loan servicer, "received an assignment of the Plaintiff's note and security deed on September 1, 2011 while the note was in default solely for purpose of facilitating collection of such debt for Fannie Mae." Am. Compl. ¶ 14. Assuming this factual allegation is true–which the Court must at this stage of the case–Plaintiff has sufficiently pleaded that Wells Fargo was not, in fact, Plaintiff's creditor for purposes of a debt collection notice. *See Shoup*, 465 Fed. Appx. at 884 ("[t]he allegation that the loan servicer was not a 'creditor' was enough to state a plausible claim for relief under the FDCPA") (*citing Bourff*, 674 F.3d at 1241).

Defendant's main argument is to dispute the factual allegation that Wells Fargo received the Assignment "solely" for the purposes of debt collection. According to Defendant, the Assignment of the debt was for the dual purpose of facilitating collection of the debt, as well as to initiate nonjudicial foreclosure, which Defendant argues is not debt collection activity under the FDCPA.[1] Def. Br. [12-1] at 9-11.

---

[1] The Eleventh Circuit has reserved ruling on "whether a party enforcing a security interest without demanding payment on the underlying debt is attempting to collect a debt within the meaning of § 1692e." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 n. 3 (11th Cir. 2012). Many lower courts in this circuit have found that such activity is not debt collection.

Defendant asks the Court to infer that "the purpose of the assignment was for Wells Fargo to initiate foreclosure proceedings, and thus was not solely to collect the debt," because "Wells Fargo contemporaneously received an assignment of the Security Deed, which conveyed legal title to the Property and the power of non-judicial sale upon default." *Id.* at 11. Defendant also attaches and asks the Court to consider Fannie Mae's servicing guidelines, as further evidence "that the purpose of the assignment to Wells Fargo was for it to enforce a security interest through foreclosure." *Id.*

Plaintiff, in response, argues that under Georgia law, transfer of the Security Deed would have been enough to enable Wells Fargo to initiate foreclosure.[2] The transfer of the underlying debt was not necessary for that purpose, and therefore was presumably for the sole purpose of collecting on the debt itself.

---

[2] Defendant does not contest this proposition of Georgia law, and other judges in this district have found likewise. *See, e.g., LaCosta v. McCalla Raymer, LLC*, No. 1:10-CV-1171-RWS, 2011 WL 166902, *3-4 (N.D. Ga. Jan. 18, 2011) (Story, J.). However, this is a matter of some dispute in this district, as some judges have found that a creditor must also be owed the debt itself to pursue foreclosure in Georgia. *See Stubbs v. Bank of America*, 844 F.Supp.2d 1267, 1270 (N.D.Ga. 2012) (Totenberg, J.) ("[T]he secured creditor–the entity to whom the debt is owed–is authorized to foreclose pursuant to Georgia's nonjudicial foreclosure statute.").

In the end, the Court must take Plaintiff's factual allegations as true and make all inferences in the light most favorable to the claims alleged. In that regard, the Court is simply required to accept as true the specific allegation that Wells Fargo "received an assignment of the Plaintiff's note and security deed on September 1, 2011 while the note was in default solely for purpose of facilitating collection of such debt for Fannie Mae." Am. Compl. ¶ 14. And the Court at this stage in the proceedings is not permitted to consider extraneous evidence submitted by the Defendant such as Fannie Mae's servicing guidelines. Thus, taking Plaintiff's factual allegations as to the purpose of the assignment as true, the Court concludes that Wells Fargo was not, in fact, Plaintiff's creditor for purposes of Defendant's debt collection notices. Because "[t]he allegation that the loan servicer was not a 'creditor' was enough to state a plausible claim for relief under the FDCPA," the Court must recommend denying the motion to dismiss.[3] *See Shoup*, 465 Fed. Appx. at 884.

---

[3] *Shoup* and *Bourff* are instructive, although distinguishable. In both cases, the Eleventh Circuit overturned the district court's dismissal of FDCPA lawsuits, which were based on notices identifying as "creditor" either a mortgage servicer, or a nominee holding the debt, who were not actually "creditors" for purposes of the FDCPA. In *Bourff*, the notice appears to have been false in part because the assignment to the servicer post-dated the foreclosure notice identifying it as "creditor." *Bourff*, 674 F.3d at 1241. Nevertheless, the Eleventh Circuit also specifically cited and appeared to place some reliance on the allegation that the servicer received the assignment, as in this case, "while the Plaintiff's loan was in default, for the purpose of facilitating collection of such debt for another, presently unknown, entity." *Id.* In *Shoup,* the plaintiff alleged that a law firm violated the

Defendant separately argues that–regardless of the purpose of the assignment–Wells Fargo must be considered a "creditor" under the FDCPA as a matter of law, because it falls outside the FDCPA's definition of "debt collector." Def. Br. [12-1] at 13-15. Specifically, Defendant argues that a loan servicer such as Wells Fargo is excluded from being a "debt collector" if, as here, the servicing pre-dated the default. *Id.* (citing, *inter alia*, *Bates v. Novastar/Nationstar Mortgage LLC*, No. 1:08-CV-1443-TWT, 2008 WL 2622810, *5 (N.D. Ga. June 24, 2008)). Thus, Defendant argues that because Wells Fargo is not a "debt collector," it must be considered a "creditor" and the Letters were accurate for that separate reason. The Court finds this unavailing. Wells Fargo is not a defendant in this case and whether it is a "debt collector" under the FDCPA is beside the point. The point is that the FDCPA has a very specific definition of "creditor," and Plaintiff has alleged facts that (if true) would mean that Wells Fargo was not a "creditor." The Eleventh Circuit has indicated

FDCPA by identifying Mortgage Electronic Registration Systems, Inc. ("MERS"), as the "creditor," because the complaint alleged that MERS was only holding the note and deed as nominee of the lender. *Shoup*, 465 Fed. Appx. at 883. The Eleventh Circuit did not specifically discuss whether an assignee of the debt would be the "creditor" if a plaintiff alleged the assignment were solely for the purpose of facilitating repayment to another. However, *Shoup* appears to apply a broad reading of *Bourff*, citing that case for the proposition that "[t]he allegation that the loan servicer was not a 'creditor' was enough to state a plausible claim for relief under the FDCPA." *Id.* at 884. The Court reads these decisions as providing guidance in favor of denying dismissal, but not as controlling precedent because they are distinguishable (and, in the case of *Shoup*, because the opinion is unpublished).

15

that debt collection notices may violate the statute if they identify someone as "creditor" that does not meet the FDCPA definition. On the basis of the factual allegations, that is the case here. The Court is compelled to recommend denial of the Motion to Dismiss.

### III. RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss the Complaint [3] be **DENIED** as moot, in light of the subsequent filing of the First Amended Complaint.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Dismiss the First Amended Complaint [12] be **DENIED**, as the Court finds that the First Amended Complaints sufficiently states a claim under the FDCPA.

**IT IS SO RECOMMENDED** this 9th day of January, 2013.

$\overline{\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxx}}$
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE